# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT E. LEE, JR., *et al.*, | ) |
|     Plaintiffs, | ) |
| v. | ) Case No. CIV-14-1391 |
| CONOCOPHILLIPS COMPANY, | ) |
|     Defendant, | ) |
| v. | ) |
| MARVIN R. MATHIS, | ) |
|     Additional Defendant to Counterclaim. | ) |

## **O R D E R**

Plaintiffs have filed a Notice of Pending Motion and Request for Briefing Schedule [Doc. No. 22]. Plaintiffs request that the Court set a briefing schedule and/or hearing on its Petition for Temporary and Permanent Injunction.

Plaintiffs filed this action on November 24, 2014, in the District Court of Texas County, State of Oklahoma. Defendant, ConocoPhilips Company (Defendant) removed this action to federal court on December 16, 2014. At the time of removal, the state court had entered an *ex parte* temporary restraining order and had scheduled a hearing on the matter for December 19, 2014. Due to the removal of the action to federal court, the hearing did not take place.

Plaintiffs state that the temporary restraining order issued by the state court has not been dissolved and remains in effect, relying on 28 U.S.C. § 1450. Plaintiffs are mistaken.

When a case is removed to federal court, federal law governs all future proceedings. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of*

*Alameda County,* 415 U.S. 423, 437 (1974)*; see also* Fed. R. Civ. P. 81(c)(1). Pursuant to Fed. R. Civ. P. 65(b), the duration of a temporary restraining order issued without notice to the adverse party may not exceed 14 days, unless the order is extended within such time for good cause shown. Although 28 U.S.C. § 1450 provides that injunctions and orders entered by the state court shall remain in force until dissolved or modified by the district court, the duration of an *ex parte* temporary restraining order cannot exceed the time limits imposed by Rule 65(b), measured from the date of removal. *See Granny Goose Foods*, 415 U.S. at 438-40; *see also Andersen v. Homecomings Financial, LLC*, No. 2:11-CV-332-TS, 2011 WL 2470509 at * 5 (D. Utah June 20, 2011) (accord).

As this case was removed on December 16, 2014, the state court's *ex parte* temporary restraining order expired on December 30, 2014. Plaintiffs have not moved in this Court for an extension of the 14-day period "for a like period," *see* Rule 65(b)(2), nor have Plaintiffs demonstrated that Defendant consents to any further extension of the *ex parte* temporary restraining order. *See id.*[1] Moreover, the record before the Court does not reflect there is currently a pending motion for preliminary injunctive relief. Instead, the only documents referenced by Plaintiffs are their Petition for Temporary and Permanent Injunction [Doc. No. 22-1]; certain affidavits in support of their motion for temporary restraining order [Doc. Nos. 22-2 through 22-3]; and their "Temporary Restraining Order Without Notice [Doc. No. 22-4] filed in state court. None of the state court filings

---

[1] Plaintiffs attach correspondence from Defendant's counsel that it will "send a letter agreeing not to disconnect or turn off the taps prior to the Court's ruling on Plaintiff's Motion for a Preliminary Injunction" but the letter expressly states that Defendant "will not agree that the state court Temporary Restraining Order was, or remains, valid, or that it is extended." *See* correspondence [Doc. No. 22-5].

constitute a motion for preliminary injunctive relief and Plaintiffs have not filed any motion following the removal of the action to this Court.

IT IS THEREFORE ORDERED that the *ex parte* temporary restraining order entered by the District Court of Texas County, Oklahoma, is hereby dissolved, effective December 30, 2014. If Plaintiffs wish to pursue preliminary injunctive relief, Plaintiffs must file a proper motion pursuant to Fed. R. Civ. P. 65(a).

IT IS SO ORDERED this 20th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE