# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT E. LEE, JR., *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY,<br><br>    Defendant,<br><br>vs.<br><br>MARVIN R. MATHIS,<br><br>    Additional Defendant to<br>    Counterclaim. | Case No. CIV-14-1391-D |

## O R D E R

This matter comes before the Court on Motions to Remand filed by Plaintiffs and Counterclaim Defendant, Marvin R. Mathis (collectively "Landowners") [Doc. Nos. 31 & 32]. Defendant ConocoPhillips Company ("Conoco") has responded [Doc. No. 36]. The matter has been fully briefed and is now at issue.

### BACKGROUND

The following facts are alleged in the Petition or Notice of Removal and assumed to be true for purposes of deciding this motion. Landowners own residential property in gas production units upon which Conoco operates natural gas wells. Pursuant to longstanding oil and gas leases, Conoco and its predecessor have provided Landowners with natural gas, free of charge, for residential use. Under the "free gas" clause of the leases, Landowners were to make their own connections to Conoco's wells, and use of the gas was to be at Landowners' sole risk and expense. The gas was used in its natural state and not processed or otherwise treated by Conoco. Conoco contends certain

regulations enacted by the U.S. Department of Transportation (DOT) and Oklahoma Corporation Commission (OCC) are being interpreted to require it, instead of Landowners, to bear all the risks and costs of delivering the "free gas." According to Conoco, the impending regulation presents it with two options: either (1) disconnect Landowners' access to the wells, rendering compliance moot, or (2) install the necessary equipment and facilities on the wells to make them satisfactory and incur substantial costs and expenses in doing so.

Conoco selected the former option and chose to disconnect all residential "farm taps" from its wells.[1] In 2014, it sent Landowners a letter, notifying them of its intent to shut off the farm taps and no longer provide natural gas services on Landowners' properties. Conoco offered $40,000 as settlement, plus a "timely acceptance bonus" of $10,000. Conoco also made arrangements for Landowners' gas lines to be converted to another source (although the costs of conversion would be deducted from the settlement amount). Landowners rejected Conoco's offer and filed a petition in Texas County District Court where they contended Conoco's intent to disconnect the farm taps violated its contractual obligations. Landowners sought, and obtained, a temporary restraining order prohibiting Conoco from shutting off the farm taps.

Conoco timely removed the action to federal court on the basis of diversity jurisdiction. It filed an Amended Answer and Counterclaim, seeking a declaratory judgment that it is not obligated to continue providing the natural gas under the leases and it may turn off, disconnect, or otherwise

---

[1] A farm tap is a pipeline that runs directly off of production, gathering or transmission pipelines and feeds one or more rural, farm, residential or small commercial customers. Historically, gas pipelines provided farm tap services to landowners in exchange for easements or other land rights. *See Office of the Consumers' Counsel, State of Ohio v. F.E.R.C.*, 808 F.2d 125, 127 (D.C. Cir. 1987); 40 C.F.R. § 98.238 (2015); 34 E. MIN. L. FOUND. § 5.06 (2013).

"disenable" the gas taps without incurring liability to Landowners.[2] Conoco contends diversity jurisdiction is appropriate because (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000. Landowners do not dispute complete diversity exists. They do, however, deny the amount in controversy exceeds $75,000 and object to removal on that basis.

## APPLICABLE STANDARD

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Conoco, as the party seeking to invoke this Court's jurisdiction, "bears the burden to establish that its removal of Plaintiff's case to federal court was proper." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)). The Supreme Court recently held the general "notice pleading" standard under Fed. R. Civ. P. 8(a) governs a defendant's notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S.Ct. 547, 553, 190 L.Ed.2d 495 (2014). Under *Dart*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id*. at 554.

---

[2]Conoco's counterclaim cannot serve as a basis for establishing the amount in controversy. The amount in controversy is determined by looking to the pleadings at the time of removal. *Weist v. Davol, Inc*., No. CIV–14–668–D, 2014 WL 3784268 at * 1 (W.D. Okla. July 31, 2014). Conoco removed this action on December 16, 2014 [Doc. No. 1] and asserted its counterclaim on January 5, 2015 [Doc. No. 18]. At the time Conoco removed this case, it had filed no counterclaim and its subsequent pleading cannot, and does not, factor into this Court's determination. *See Martin Pet Products (U.S.), Inc. v. Lawrence*, 814 F.Supp. 56, 58 (D. Kan. 1993) ("[defendant's] counterclaim had not been filed at the time of removal and cannot serve as the basis for later establishing [the] court's jurisdiction").

In proving the amount in controversy, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). Conclusory allegations and statements will not suffice. *Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F. Supp. 2d 1280, 1283 (D. Kan. 2002) (proponent "must do more than make conclusory allegations and assertions; it must set forth the underlying facts supporting its assertions concerning the amount in controversy.").

A defendant's proof may be presented by estimating potential damages from the allegations of the plaintiff's pleading. *McPhail*, 529 F.3d at 955-56. Other documentation may also provide the basis for determining the amount in controversy, such as affidavits or other evidence submitted in the federal action. *Id.* at 956; *Cousina v. Mass. Mut. Life Ins. Co.*, No. 12–CV–00532–JHP–TLW, 2012 WL 6726453 at *2 (N.D. Okla. Dec. 27, 2012) ("In ruling on motion to remand, a court should determine its jurisdiction over case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by parties.") (citations omitted). "But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954. In resolving the amount in controversy issue, a court "is not required to leave its common sense behind." *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D. W.Va. 2012) (citation omitted).

**DISCUSSION**

Diversity jurisdiction requires not only that each defendant be a citizen of a different state from each plaintiff, but that the amount in controversy for each plaintiff exceeds $75,000. 28 U.S.C. § 1332(a); *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). In cases seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell*, 466 F.3d at 897 (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). In this regard, the Tenth Circuit has followed the "either viewpoint rule," which considers "either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* (citing *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir.1991)). In multiple plaintiff cases, however, the "either viewpoint rule" does not override the well established principle that each plaintiff must individually satisfy the amount in controversy requirement. *Id.* (citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970)).

Conoco claims the amount in controversy is satisfied in the following ways:

(1) Conoco's offer of $50,000 for a release of all claims under the "free gas" clause of the subject leases was rejected, signifying Landowners' "belief that the 'value' of their 'free gas' rights exceeded that amount";

(2) it is reasonable to expect Landowners' attorneys to each seek an award of at least $40,000 in attorneys' fees and costs;

(3) the costs for complying with the regulations would exceed the amount in controversy–a cost Conoco contends it is not obligated to pay under the "free gas" clauses; and

(4) if Landowners were permitted to continue to take the "free gas" from Conoco's wells, Conoco alleges such action "imposes risks of litigation on [Conoco] in the event Landowners or their guests are injured, or property is damaged, by fire or explosion." Conoco states the amount of such risk easily exceeds $75,000.

*See* Notice of Removal at pp. 4-5 [Doc. No. 1] and Def. Resp. to Motions to Remand [Doc. No. 36]. Landowners, in short, challenge the sufficiency of these allegations as speculative and insufficient to plausibly state an allegation that the amount in controversy is met.

Pivotal to this Court's analysis are the competing interests at issue: Conoco's choice to disconnect all residential "farm taps" from its wells versus Landowners' demands that Defendant continue to supply them with gas free of charge. As noted above, the impact on the defendant, including its cost of complying with an injunction, is a proper consideration in determining the amount in controversy, *Justice*, 927 F.2d at 505, as is the cost of complying with a regulatory scheme. *Okla. Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159 (10th Cir. 1979) (citing *Gibbs v. Buck*, 307 U.S. 66 (59 S.Ct. 725, 83 L.Ed. 1111) (1939)). Conoco has cited deposition testimony from Mr. Dennis Fothergill, an OCC representative, which states the OCC considers Conoco a "local gas distribution company" by virtue of its supply of gas to Landowners and thus, certain requirements will be imposed upon it.[3] Were Conoco obligated to keep its lines open and supply Landowners with gas free of charge, it would be required to come into compliance with regulations enacted by the OCC. According to Mr. Fothergill, Conoco bears the responsibility for the safety of the equipment and piping that currently moves the gas from its wells into Landowners' residences, irrespective of who installed the equipment.

Mr. Fothergill further testified Conoco is considered to bear all the risk from Landowners'

---

[3]Landowners admit the farm taps fall under the OCC's jurisdiction.

taking gas from its wells for residential use, such as ensuring the gas is substantially free of impurities. Conoco has presented declarations that attest the cost to bring the farm taps into minimal compliance with OCC regulatory standards is approximately $112,000 per well and the annual costs for operating and maintaining each farm tap is approximately $79,200 per year.

Landowners object to the referenced declarations and have filed a Motion in Limine [Doc. No. 38] seeking their exclusion. The declarations (or the information therein) were not requested by Landowners in discovery. In addition, Conoco attests that the declarations were not available until it was ready to file its response to the Motion to Remand. In any event, Landowners were put on notice in Conoco's Notice of Removal that it contended the cost of complying with regulatory standards exceeded the amount in controversy. To this end, Landowners offer very little factual support for their contention the amount in controversy does not exceed $75,000. The declarations notwithstanding, Landowners present no evidence to dispute Conoco's contention that cost of compliance would exceed $75,000 for each well. Also, the testimony of Mr. Fothergill, which this Court finds persuasive for purposes of the instant motions, goes largely uncontroverted by Landowners. Moreover, Landowners' Motion asks the Court to exclude the contested evidence as a form of sanction under Fed. R. Civ. P. 37, yet Landowners failed to comply with LCvR 37.1, which states that the Court "shall refuse to hear any such motion or objection [under Rule 37]" absent written certification that counsel have personally met and conferred in an attempt to resolve their discovery dispute. Accordingly, the Court denies Landowners' Motion in Limine.

Therefore, considering the material Conoco has submitted in support of its showing of jurisdictional facts, the Court finds Conoco has met its burden of showing by a preponderance of the evidence that Landowners' claims meet the amount in controversy requirement associated with

diversity jurisdiction. Conoco has demonstrated competent proof that the costs of complying with the requested injunctive relief—the continued supply of gas to Landowners—make it possible that $75,000 is in play. *McPhail*, 529 F.3d at 955.[4] The Court cannot say it appears to a legal certainty the amount in controversy does not exceed $75,000. Therefore, the Court finds the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a).

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. No. 32] and Additional Defendant Marvin R. Mathis' Motion to Remand [Doc. 31] are **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine [Doc. No. 38] is **DENIED**.

IT IS SO ORDERED this  20th  of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4]The Court declines to address the other contentions upon which Conoco's asserts subject matter jurisdiction, as it finds a sufficient basis exists pursuant to the nature of the injunctive relief requested.