IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT E. LEE, JR., et al.,            )
                                        )
       Plaintiffs,                     )
                                        )
v.                                      )  Case No. CIV-14-1391-D
                                        )
CONOCOPHILLIPS COMPANY,                )
                                        )
       Defendant,                      )
                                        )
v.                                      )
                                        )
MARVIN R. MATHIS,                       )
                                        )
       Counterclaim                    )
       Defendant.                      )

# ORDER

Before the Court is Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 95], to which Plaintiffs have filed their response in opposition [Doc. No. 98] and Defendant has replied [Doc. No. 100]. The matter is fully briefed and at issue.[1]

---

[1] Defendant also filed a Motion to Dismiss Counterclaim Defendant Marvin Mathis' Amended Counterclaim [Doc. No. 103]. However, on December 13, 2016, Mathis advised the settlement magistrate judge that he and Defendant had executed a written agreement settling their claims [Doc. No. 135]. Accordingly, Defendant's motion as it relates to Mathis' counterclaim is deemed moot.

## BACKGROUND[2]

The present case stems from the parties' dispute over Plaintiffs' rights under long held leases to take natural gas, free of charge, from Defendant's wells. Defendant contends that it was not obligated to continue providing the natural gas under the leases and it could turn off, disconnect, or otherwise "disenable" the "farm taps" that allowed Plaintiffs to take such gas. Plaintiffs, conversely, contended that Defendant's intended shut-off of the farm taps violated its contractual obligations under the leases. Plaintiffs sought, among other things, an injunction prohibiting Defendant from shutting off the taps. On January 5, 2016, the Court denied Plaintiffs' request for a preliminary injunction, finding that Plaintiffs failed to prove the critical element of irreparable harm, Memorandum Opinion and Order at 20-21 [Doc. No. 87], and on June 7, 2016 Defendant disconnected Plaintiffs' taps. Plaintiffs filed an Amended Complaint [Doc. No. 92] in which they alleged (1) Defendant's stated reasons for disconnecting the farm taps were false; (2) the disconnecting of their farm taps constituted breach of contract; and (3) Defendant should be enjoined from refusing to provide Plaintiffs natural gas, free of charge, as contemplated under the leases.

---

[2] The Court assumes the parties' familiarity with the facts underlying this action. For a more comprehensive statement of those facts and this case's procedural history, reference should be made to the Court's Memorandum Opinion and Order denying Plaintiff's Motion for Preliminary Injunction [Doc. No. 87].

Defendant moves to dismiss Plaintiffs' fraud claim and request for attorney's fees. Defendant contends that (1) Plaintiffs' fraud claim is not pleaded with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure; (2) Plaintiffs' fraud claim is barred under the applicable statute of limitations; and (3) the "discovery rule" is not pleaded and does not apply to this action. Mot. at 2. Defendant also contends Plaintiffs' request for attorney's fees fails to state a claim upon which relief can be granted because Plaintiffs neither have pled nor have available to them any exception to the American Rule that would allow them to recover fees for their claims. *Id*.

## STANDARD

Pursuant to the seminal decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this revised standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d

1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

However, long before the pleading modifications in *Twombly* and *Iqbal*, the Federal Rules of Civil Procedure imposed specific pleading obligations in fraud cases. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id*. Nonetheless, "[t]he requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct[.]'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citations omitted).[3] Thus, in fraud cases, it is insufficient for a pleader to generally outline the nature of the pleader's claim. Rather, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726 (10th Cir. 2006) (internal citation omitted).

---

[3] This principle remains true even post-*Twombly*. *See, e.g., Peacock v. AARP, Inc.*, 181 F.Supp.3d 430, 435 (S.D. Tex. 2016); *McWilliams v. Ballard, Inc. v. Level 2 Dev.*, 697 F.Supp.3d 101, 108 (D.D.C. 2010); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F.Supp.2d 1325, 1344 (S.D. Fla. 2010) ("Rule 9(b) must be read in conjunction with Rule 8(a) so as to not 'abrogate the concept of ... notice pleading.' ") (citation omitted).

# DISCUSSION

I. **Fraud**

The Amended Complaint states:

7. In 2003 Defendant began acting on its initiative to "buy out" the remaining natural gas taps in the Oklahoma panhandle. In attempting to do so Defendants represented to Plaintiffs on multiple occasions that there were unsafe levels of $H_2S$ gas in the wells.

8. However, Defendant's motive behind removing these farm taps is believed to be based upon Defendant's own financial gain as opposed to the reasons given.

9. In 2005 Defendant began threatening to remove the taps from Plaintiffs' property due to Defendant's allegations that $H_2S$ (hydrogen sulfide) was present in the gas at unsafe levels, when Defendant knew or should have known this not to be true. Defendant also cited allegedly new and onerous federal regulations that would allegedly prevent continued use of the farm taps. Defendant made these allegations with the intent that Plaintiffs would rely and act upon the false representations.

10. At the time of making these fraudulent representations to Plaintiffs, Defendants knew or should have known that such representations were false.

11. Relying upon Defendant's representation that unsafe levels of $H_2S$ gas were present in the wells, Plaintiffs, at their own expense, installed "scrubbers" or "sweeteners" to purge the gas of $H_2S$.

14. In February 2015, Defendant produced evidence to Plaintiffs showing that $H_2S$ was not actually present in the wells and/or was not present at levels approaching unsafe levels.

15. Plaintiffs relied upon the representations of Defendant and suffered the detriment of installing additional safeguards at their

21. own cost, despite Defendant being legally responsible for such costs.

22. On multiple occasions Defendant represented to Plaintiffs that $H_2S$ was present in unsafe levels in the wells. Defendant threatened to disconnect the taps if Plaintiffs did not install "scrubbers" at their own expense.

23. At the time of making these representations, Defendant knew or should have known that such representations were untrue.

24. Plaintiffs relied upon these representations and suffered detriment through being forced to install "scrubbers" on the wells at their own expense.

25. Plaintiffs discovered these fraudulent misrepresentations of Defendant through documents produced in this lawsuit in February 2015.

26. Plaintiffs are entitled to actual damages, compensatory damages, punitive damages, interest, attorneys' fees and costs.

Amended Complaint, ¶¶ 7-11, 14-15, 21-25 [Doc. No. 92].[4]

"Fraud is a generic term embracing the multifarious means which human ingenuity can devise so one can get advantage over another by false suggestion or suppression of the truth." *Dani v. Miller*, 2016 OK 35, ¶ 25, 374 P.3d 779, 791 (citations omitted). The elements of actionable fraud are (1) a false misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied upon by the other party to his or her

---

[4] Plaintiffs were granted leave to file a Second Amended Complaint [Doc. No. 143]. However, their fraud allegations remain the same.

own detriment. *Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. The statute of limitations for fraud actions is two years; a claim for fraud accrues when a plaintiff ascertains or discovers each element of the claim. *See* 12 OKLA. STAT. § 95(A)(3); *Horton v. Hamilton*, 2015 OK 6, ¶ 18, 345 P.3d 357, 363 ("A claim for fraud accrues when a person discovers the fraud. A party discovers fraud when he or she ascertains each element of the claim.") (citation omitted). All elements of fraud must be present; absence of any one is fatal to the plaintiff's claim. *McCain v. Combined Commc'n Corp. of Okla., Inc.*, 1998 OK 94, ¶ 11, 975 P.2d 865, 867.

"Fraud is never presumed and each of its elements must be proved by clear and convincing evidence." *Bowman*, 212 P.3d at 1218 (citations omitted); *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008). The "clear and convincing" standard is "the highest standard of proof that the law imposes in civil cases." *Kupersteinn v. Hoffman-Laroche*, 457 F. Supp. 2d 467, 471 (S.D.N.Y. 2006); *see also Liberty Mut. Fire Ins. Co. v. J.T. Walker Indus., Inc.*, No. 2:08-2043, 2014 WL 6773517, at *3 (D.S.C. Dec. 2, 2014) (clear and convincing standard is "the highest burden of proof known to the civil law."). "Also, the reliance referred to must be justifiable." *State ex rel. S.W. Bell Tel. Co. v. Brown*, 1974 OK 19, ¶ 19, 519 P.2d 491, 495. "[T]he gist of fraudulent misrepresentation is the production of a false impression ... and damage sustained as the natural and probable consequence of the acts charged." *Id*. (citations omitted).

7

Guided by the above standard and governing law, the Court finds Plaintiffs have provided in sufficient detail the source, time, place, manner and content of the alleged misrepresentations and material omissions of fact and the consequences thereof in the aforementioned paragraphs of the Amended Complaint. Plaintiffs contend Defendant misrepresented the levels of $H_2S$ in its wells in order to achieve financial gain. Plaintiffs allege they relied upon said misrepresentations by installing "scrubbers" and "sweeteners" on the taps at their own expense. In the Court's view, such allegations satisfy Rule 9(b) in that they provide Defendant fair notice of Plaintiffs' fraud claim and the grounds upon which it rests. *George v. Urban Settlement Services*, 833 F.3d 1242, 1255 (10th Cir. 2016) ("Rule 9(b)'s purpose is 'to afford [a] defendant fair notice' of a plaintiff's claims and the factual grounds supporting those claims.") (citing *Schwartz*, 124 F.3d at 1252). Defendant's motion is therefore denied on this issue.

## II.     Statute of Limitations

Moreover, the Court finds Defendant's argument that Plaintiffs' fraud claim is barred by the statute of limitations should also be denied. Defendant's motion asks the Court to do what it is prohibited from doing in reviewing a motion to dismiss, which is to weigh the evidence. *See 2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Fin. Life Assur. Co.*, 96 F.Supp.3d 182, 201 (S.D.N.Y. 2015) ("Motions to dismiss on statute of limitations grounds are treated as other motions

to dismiss; courts merely are to 'determine whether the complaint itself is legally sufficient' to survive the affirmative defense, 'not to weigh the evidence that may be presented at a trial.'"). As stated above, the Court has determined Plaintiffs have alleged a plausible claim for fraud that falls within the applicable limitations period. Conflicting evidence has been presented in the briefs on when Plaintiffs discovered the alleged falsity of Defendant's statements concerning $H_2S$ levels. Any disposition on this issue is thus better reserved for summary judgment or a trial on the merits.

### III. Attorney's Fees

Lastly, Defendant contends Plaintiffs failed to state a plausible entitlement to attorney's fees. The American Rule provides the "basic point of reference" for an award of attorney's fees: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, _ U.S. _, 135 S.Ct. 2158, 2161, 192 L.Ed.2d 208 (2015) (citations omitted). "Because the rule is deeply rooted in the common law," courts are not to deviate from it "absent explicit statutory authority." *Id*. To this end, Defendant contends Plaintiffs are not entitled to attorney's fees under 12 OKLA. STAT. § 936(A), which provides for an award of prevailing party attorney fees in certain enumerated civil actions:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill,

> negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Defendant contends § 936 does not apply to oil and gas leases and Plaintiffs are not entitled to attorney's fees in connection with their fraud claims. Plaintiffs contend the subject leases are "contracts relating to the purchase or sale of goods" under § 936 in that they involve the payment of royalties to Plaintiffs for the sale of oil and gas by Defendant. *See* Resp. to Mot. to Dismiss at 8-9. Plaintiffs further contend they have "effectively purchased goods (domestic gas)" under the leases in the form of consideration for the granting of the leases. *Id.* at 9.

Defendant's motion on this issue is denied on two grounds. First, Defendant's motion is premature. Only a prevailing party is entitled to attorney's fees; however, no such determination has been made by the Court. Second, a motion to dismiss is not the proper vehicle for the dismissal of a prayer for relief, which is not part of the cause of action. *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955) ("It is well settled that the prayer for relief is [not] part of the cause of action[.]"). It has thus been stated that

> [t]he sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the

10

claim indicates the pleader may be entitled to relief of some other type.

*Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 508-09 (3d ed. 2004) (further citations omitted)); *see also Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) ("[T]he prayer forms no part of the cause of action, and ... a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer."); *Douglas v. Miller*, 864 F.Supp.2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action.") (citing *Hardeman v. Stewart*, 195 F. App'x 706, 707 (10th Cir. 2006) (unpublished)).

Accordingly, dismissing Plaintiffs' prayer for relief, which includes a request for prevailing party attorney's fees and costs, is inappropriate at this stage of the proceedings.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 95] is **DENIED** as set forth herein. Defendant's Motion to Dismiss Counterclaim Defendant Marvin Mathis' Amended Counterclaim [Doc. No. 103] is **DENIED** as moot.

**IT IS SO ORDERED** this 30th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE